IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RUFUS LEWIS, | § | |
| | § | No. 217, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1303001804 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: July 25, 2023
Decided: September 5, 2023

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Rufus Lewis, filed this appeal from the Superior Court's denial of a motion for correction or modification of sentence under Rule 35 of the Superior Court Rules of Criminal Procedure. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Lewis's opening brief that his appeal is without merit. We agree and affirm.

(2)    On May 7, 2014, Lewis pleaded guilty to two counts of fourth-degree rape and one count of first-degree unlawful sexual contact. The plea agreement, which Lewis signed, reflects that the State and Lewis agreed to request immediate

sentencing and to recommend the following sentence: as to the first count of fourth-degree rape, twenty years of imprisonment as a habitual offender under 11 *Del. C.* § 4214(a); as to the second count of fourth-degree rape, fifteen years of imprisonment, suspended for ten years of Level III probation; and as to first-degree unlawful sexual contact, eight years of imprisonment, suspended for eight years of concurrent Level III probation. The Superior Court imposed the recommended sentence.

(3) On March 31, 2023, Lewis filed a motion for correction or modification of sentence under Rule 35. Lewis claimed that his sentence is illegal because the Superior Court imposed a probationary period exceeding the limits set forth in 11 *Del. C.* § 4333(b) without "determin[ing] on the record that a longer period of probation . . . will reduce the likelihood that the offender will commit a sex offense or other violent offense in the future," as required by 11 *Del. C.* § 4333(d)(1). The Superior Court denied the motion and a subsequent motion for reconsideration, and Lewis has appealed to this Court.

(4) We review the denial of a motion under Rule 35 for abuse of discretion.[1] To the extent that the claim involves a question of law, we review the claim *de novo*.[2] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is

---

[1] *See Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014) ("We review the Superior Court's denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion . . . ."); *Benge v. State*, 101 A.3d 973, 976–77 (Del. 2014) ("We review the denial of a motion for modification of sentence and the denial of a motion for reargument for abuse of discretion.").
[2] *Fountain*, 2014 WL 4102069, at *1.

ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3]

(5)     The appeal is without merit.  Section 4333(b)(1) limits the period of probation that the Superior Court may impose for a violent felony, such as fourth-degree rape or first-degree unlawful sexual contact,[4] to two years.[5]   But that limitation does not apply to "any sentence imposed for a conviction of any sex offense as defined in § 761 of this title if the sentencing court determines on the record that a longer period of probation . . . will reduce the likelihood that the offender will commit a sex offense or other violent offense in the future."[6]

(6)     In his motion under Rule 35, Lewis argued that his sentence is illegal because the Superior Court did not "determine[] on the record," as required by Section 4333(d)(1), that a probationary period exceeding two years was appropriate. That claim actually "attacks the manner in which his sentence was imposed" and is

---

[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[4] The conduct giving rise to the charges in this case occurred in March 2013.  Under the applicable version of Section 4201(c), fourth-degree rape and first-degree unlawful sexual contact are designated as violent felonies.  11 *Del. C.* § 4201(c) (effective June 1, 2012 through June 29, 2014).

[5] *See* 11 *Del. C.* § 4333(b)(1) ("The length of any period of probation . . . shall be limited to [t]wo years, for any violent felony in this title as designated in § 4201(c) of this title . . . .").

[6] 11 *Del. C.* § 4333(d)(1).  Fourth-degree rape and first-degree unlawful sexual contact are included in the definition of "sexual offense" in the applicable version of Section 761.  *See* 11 *Del. C.* § 761(h) (effective June 30, 2010 through September 2, 2015) (defining "[s]exual offense" as including the offenses defined by Sections 769 and 770); 11 *Del. C.* § 769 (effective since June 30, 2010) (establishing the offense of first-degree unlawful sexual contact); 11 *Del. C.* § 770 (effective since June 30, 2010) (establishing the offense of fourth-degree rape).

subject to the ninety-day time bar established by Rule 35.[7] Moreover, as the Superior Court correctly observed, Lewis has not requested or provided a copy of the sentencing transcript to establish whether the sentencing court in fact failed to make the required determination on the record.[8] In any event, the plea agreement reflects that Lewis agreed with the State to recommend a longer period of probation, and Lewis has not shown by clear and convincing evidence that he should not be bound by his acknowledgement that he was appropriately subject to a longer period of probation.[9]

---

[7] *See Courtney v. State*, 2015 WL 8978176, at *1–2 (Del. Dec. 14, 2015) (holding that the appellant's claim that his probationary term "could not exceed the two year limit set forth in 11 *Del. C.* § 4333 because the Superior Court did not determine on the record that a lengthier period of probation would reduce the likelihood that he would commit a sex offense in the future" "attacks the manner in which his sentence was imposed" and was therefore subject to the ninety-day time limitation under Rule 35).

To the extent that Lewis claims that the time limitation does not apply because he is seeking modification of his probationary term under Rule 35(b) based on his rehabilitative accomplishments while in prison, *see* DEL. SUPER. CT. R. 35(b) (providing that the court may reduce a term of probation at any time), he did not seek relief on that basis from the Superior Court in the first instance. *See* DEL. SUPR. CT. R. 8 ("Only questions fairly presented to the trial court may be presented for review . . . .").

[8] *See Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987) (stating that the appellant has the burden of producing the portions of a transcript that are necessary to enable review of the claim).

[9] *Cf. Scarborough v. State*, 938 A.2d 644, 650 (Del. 2007) ("Where the defendant has signed his Truth-in-Sentencing Guilty Plea Forms and has answered at the plea colloquy that he understands the effects of the plea, the defendant must show by clear and convincing evidence that he did not sign those forms knowingly and voluntarily.").

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

5